_____

No. 95-3642

_____

United States of America,     *
                              *
        Appellee,        *
                              * Appeal from the United States
    v.                   * District Court for the
                              * Western District of Arkansas.
Benton N. Bass,              *
                              *
        Appellant.       *

_____

Submitted: April 9, 1996

Filed: May 6, 1996

_____

Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.


      In this direct criminal appeal, Benton N. Bass challenges his misdemeanor conviction.  We affirm.


      Bass was arrested and charged with interfering with a federal officer's duties, in violation of 36 C.F.R. § 2.32(a)(1) (1995) ("resisting . . . or intentionally interfering with a government employee or agent engaged in an official duty" is prohibited).  See 16 U.S.C. § 3 (Secretary of Interior shall make regulations deemed necessary for management of national parks, and any violation of such regulations shall be punished by up to $500 fine or up to six months imprisonment).  At trial, a National Park Service Ranger testified that he stopped Bass after observing his vehicle cross the center line of a roadway in Hot Springs National Park.

According to the Ranger, Bass got out and immediately became hostile towards the Ranger, demanding that the Ranger issue him a ticket or let him go. The Ranger testified that he "finally got [Bass's] driver's license from him," and returned to the patrol car to run a "check" on it (Trial Tr. at 15); the Ranger never had an opportunity to issue Bass a traffic citation, however, because Bass, according to the Ranger, disobeyed instructions to remain at the rear of his vehicle, and walked away three times, one time kicking the door of his vehicle shut. When Bass persisted in this kind of conduct, ignoring the Ranger's warning that he would be arrested, he was taken into custody. Bass also testified. He denied displaying any hostility towards the Ranger, but acknowledged demanding the Ranger issue him a ticket or let him go, and disobeying the Ranger's orders to stay at the rear of his vehicle.

The magistrate judge[1] found that Bass's refusal to comply with the Ranger's order to "stand still" constituted interference with the duties of a federal officer (Mem. Op. at 3), in violation of section 2.32(a)(1), and fined Bass $250. Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), Bass appealed his conviction to the district court. The district court[2] affirmed, noting that "the stop would not have lasted long but for [Bass's] unwillingness to follow some simple commands" (Order at 4), and concluding that Bass's resistance of these commands violated section 2.32(a)(1). On appeal, Bass does not dispute that he refused to remain at the rear of his vehicle as ordered, but argues that this conduct was insufficient to sustain a conviction under section 2.32(a)(1). We disagree.

---

[1]The Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas, before whom Bass consented to be tried pursuant to Federal Rule of Criminal Procedure 58(b)(3)(A).

[2]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

The Ranger was authorized to conduct the traffic stop. <u>See</u> 16 U.S.C. § 1a-6(b) (authorizing officers of National Park System to conduct investigations and make arrests). We think it implicit in the delegation of the authority to investigate and arrest that the Ranger was authorized as well to require Bass to remain at the rear of his vehicle in order to assure the Ranger's personal safety. Therefore, Bass's failure to comply with the Ranger's orders interfered with the Ranger's official duties, in violation of section 2.32(a)(1), and Bass's conviction was proper.

Although the magistrate judge held that Bass refused to answer the Ranger's questions, and held that this was also a violation of section 2.32(a)(1), we are dubious about whether such a refusal would be an interference within the meaning of the regulation, or, if it were, whether the regulation could be constitutionally applied to such a refusal. But Bass does not raise the constitutional point. More fundamentally, the magistrate judge's finding that Bass failed to stand at the rear of his vehicle when told to and moved about in a violent manner in and of itself compels the legal conclusion that Bass violated the regulation.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.